IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CATHY LORRAINE WOOD,<br><br>Plaintiff,<br><br>vs.<br><br>NORTHWEST AIRLINES, INC., a foreign profit corporation, ndba NORTHWEST/DELTA AIRLINES, a foreign corporation; DELTA AIR LINES, INC., a foreign corporation; CAPTAIN SCOTT SHELTON in his official and individual capacity; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; DOE UNINCORPORATED ORGANIZATIONS 1-10; and DOE GOVERNMENTAL AGENCIES 1-10,<br><br>Defendants. | CV. NO. 09-00481 DAE-LEK |

ORDER: (1) DENYING DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION; (2) TRANSFERRING CASE TO THE EASTERN DISTRICT OF TENNESSEE; AND (3) DENYING AS MOOT PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL <u>DECLARATION</u>

On June 14, 2010, the Court heard Defendant's Motion. Elizabeth J. Fujiwara, Esq., and Joseph T. Rosenbaum, Esq., appeared at the hearing on behalf

of Plaintiff; Barry W. Marr, Esq., and Lawrence H. Wexler, Esq., appeared at the hearing on behalf of Defendant. After reviewing the motion and the supporting and opposing memoranda, the Court **DENIES** Defendant's Motion and **TRANSFERS** the case to the Eastern District of Tennessee. (Doc. # 43.) The Court further **DENIES AS MOOT** Plaintiff's Motion for Leave to File Supplemental Declaration. (Doc. # 52.)

BACKGROUND

On August 14, 2009, Cathy Lorraine Wood ("Plaintiff") filed a Complaint in the Circuit Court of the First Circuit, State of Hawaii, alleging sexual harassment and retaliation in violation of state law against Northwest Airlines, Inc., Delta Air Lines, Inc., Captain Scott Shelton, and various unnamed individuals, corporations, and government entities. (Doc. # 1 Ex. A.) On October 12, 2009, Northwest Airlines and Delta Air Lines removed this action to federal court based on diversity jurisdiction, 28 U.S.C. § 1332.

This claim arises out of events that allegedly occurred on or about July 13, 2006, while Plaintiff, a flight attendant, was boarding passengers onto a Northwest Airlines flight out of Guam to Japan. (Id. at 4.) Plaintiff alleges: (1) Captain Shelton made degrading comments to her; (2) Captain Shelton made intimidating statements to her; (3) Captain Shelton physically stalked Plaintiff

2

around the airplane with crew and passengers present; (4) Captain Shelton had Plaintiff escorted off the plane by airport personnel; and (5) Plaintiff was not allowed to speak on her own behalf at airline headquarters prior to her removal. (Id. at 5-6.) Plaintiff asserts that none of these events would have taken place had she "been of the male gender." (Id. at 6.)

Plaintiff asserts 10 counts in her Complaint. Counts I, II, and III allege sexual harassment and retaliation in violation of Hawaii Revised Statutes section 378-2. Count IV alleges sexual assault and battery. Counts V and VI allege invasion of privacy and false imprisonment, respectively. Count VII alleges negligent hiring, supervision, and retention by Northwest Airlines, and Count VIII alleges negligence on the part of Northwest Airlines. Counts XI[1] and XII allege negligent and intentional infliction of emotional distress.

On March 16, 2010, the parties submitted a Stipulation to Dismiss Defendants Northwest Airlines, Inc., and Delta Air Lines, Inc., with prejudice. (Doc. # 41.) All other parties and claims remain.

On April 9, 2010, Captain Shelton ("Defendant") filed the instant Motion to Dismiss for Lack of Personal Jurisdiction. (Doc. # 43.) On May 24,

---

[1] Plaintiff appears to have misnumbered the counts, as the Complaint jumps from eight to eleven instead of eight to nine (Count VIII and Count XI).

2010, Plaintiff filed an Opposition. (Doc. # 48.) On May 28, 2010, Defendant filed a Reply. (Doc. # 51.)

STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(2), a defendant may move to dismiss a complaint for lack of personal jurisdiction. A plaintiff has the burden of establishing jurisdiction over a nonresident defendant. Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004); Ziegler v. Indian River County, 64 F.3d 470, 473 (9th Cir. 1995). When, as here, a district court acts on a defendant's motion to dismiss without holding an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss. Schwarzenegger, 374 F.3d at 800; Ziegler, 64 F.3d at 473.

In determining whether a plaintiff has made a prima facie showing of jurisdictional facts, the court must accept uncontroverted allegations in the complaint as true. Dole Food Co. v. Watts, 303 F.3d 1104, 1108 (9th Cir. 2002). If the defendant presents evidence to contradict the allegations in the complaint, the plaintiff must go beyond the pleadings and present affirmative proof of personal jurisdiction through affidavits and declarations. See id. Conflicts between the parties' affidavits and other discovery materials must be resolved in favor of the plaintiff. Id.

DISCUSSION

In order to exercise personal jurisdiction over a nonresident defendant, the Court must consider whether: (1) the forum state has an applicable long-arm statute that confers jurisdiction over nonresidents; and (2) the assertion of personal jurisdiction comports with the constitutional requirements of due process. Miracle v. N.Y.P. Holdings, Inc., 87 F. Supp. 2d 1060, 1064 (D. Haw. 2000); Complaint of Damodar Bulk Carriers, Ltd., 903 F.2d 675, 678 (9th Cir. 1990). Hawai`i's long-arm statute extends jurisdiction to the extent permitted by the Due Process Clause of the Fourteenth Amendment. Cowan v. First Ins. Co. of Haw., 608 P.2d 394, 399 (Haw. 1980). Therefore, the jurisdictional analyses under state law and federal due process are the same. Complaint of Damodar Bulk Carriers, 903 F.2d at 679.

For the Court to exercise personal jurisdiction over a nonresident defendant, the defendant must have minimum contacts with the forum state such that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (internal quotations and citation omitted); Schwarzenegger, 374 F.3d at 801. The defendant's conduct must have been such that he should reasonably anticipate

being haled into court in Hawai`i. See Harris Rutsky & Co. Ins. Servs., Inc., 328 F.3d 1122, 1130 (9th Cir. 2003).

Two forms of personal jurisdiction exist, general and specific. Dole Food, 303 F.3d at 1111.

For general jurisdiction to exist,

> the defendant must engage in "continuous and systematic general business contacts," that "approximate physical presence" in the forum state. This is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world.

Schwarzenegger, 374 F.3d at 801 (citations omitted). "Factors to be taken into consideration are whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there." Bancroft & Masters, Inc. v. Augusta Nat'l Inc., 223 F.3d 1082, 1086 (9th Cir. 2000) overruled in part on other grounds by Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme, 433 F.3d 1199 (9th Cir. 2006) (en banc ). The assertion of general jurisdiction must always be reasonable. Amoco Egypt Oil Co. v. Leonis Navigation Co., 1 F.3d 848, 852-53 (9th Cir. 1993). The Ninth Circuit has set a high standard for general

jurisdiction. See Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme, 433 F.3d 1199, 1205 (9th Cir. 2006).

Where a person does not have sufficient contacts to support general jurisdiction, a court may still exercise specific personal jurisdiction over the person if the following requirements are met:

> (1) the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privileges of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

Harris Rutsky, 328 F.3d at 1129 (citation omitted).

Defendant submits a declaration as evidence to contradict Plaintiff's allegation that this Court has personal jurisdiction over Defendant. Therefore, Plaintiff must go beyond the pleadings and present affirmative proof of personal jurisdiction. For the reasons discussed below, this Court finds that Plaintiff has not

met her burden to make a prima facie showing of either general or specific jurisdiction over Defendant.[2]

I.      General Jurisdiction

The minimum contacts that Defendant has with Hawai`i are not so continuous and systematic that they approximate physical presence in the State of Hawai`i to give rise to general jurisdiction. Defendant attests to never having lived in Hawai`i, owning no property in Hawai`i, having no business interests in Hawai`i, and to being a resident of Tennessee. (Mot. at 7.) See Bancroft, 223 F.3d at 1086. Establishing general jurisdiction is a high bar. For instance, the U.S. Supreme Court held in Helicopteros Nacionales de Colombia v. Hall that a company that purchased 80% of its helicopter fleet, spare parts, and accessories from a Texas company, sent pilots to Texas for training, and sent management and maintenance personnel to Texas for technical consultation was not subject to general jurisdiction in Texas. 466 U.S. 408, 411, 418 (1984). The Supreme Court concluded that "mere purchases, even if occurring at regular intervals, are not

---

[2] The Court declines to convert Defendant's motion to dismiss into a motion for summary judgment as is requested by Plaintiff. Contrary to Plaintiff's assertion, a party may submit evidence outside the pleadings when moving to dismiss for lack of personal jurisdiction. See Dole Food Co., 303 F.3d at 1108. Plaintiff erroneously relies on authority regarding a motion to dismiss for failure to state a claim, which is not currently before this Court. (Opp'n at 3.)

enough to warrant a State's assertion of in personam jurisdiction over a nonresident corporation in a cause of action not related to those purchase transactions." Id. at 418. In Congoleum Corp. v. DLW Aktiengesellschaft, a defendant that engaged in sales and marketing efforts, hired a consultant to engage in activities, solicited orders, ordered samples, and promoted products to customers via a showroom in the forum state, was not subject to general jurisdiction in the forum state. 729 F.2d 1240, 1242 (9th Cir. 1984).

Plaintiff acknowledges that Defendant is a Tennessee resident and that Defendant's contact with Hawai`i is limited to his flights to and from Hawai`i in the course of his employment as a pilot. (Opp'n at 1-2, 13-14.) Plaintiff maintains, however, that these contacts are sufficient to demonstrate general jurisdiction. The Court disagrees. Defendant was based out of Hawai`i for one year, 1992, and in that year he flew five flights from Hawai`i. (Id. at 13.) Since 1992, in the course of his employment, Defendant has flown fifty-three flights to Hawai`i. (Id.) Plaintiff characterizes this number as amounting to 4% of his flights as a pilot, and Defendant characterizes this number as being less than 1% of his flights.[3] The Court finds this to be inadequate contact not amounting to

---

[3] Defendant's counsel stated during hearing on the matter that Defendant flew less than one-half of one-percent of his flights in or out of Hawai`i.

physical presence.[4] The Court emphasizes that Defendant's contacts with Hawai`i have been infrequent and transitory in nature. "Unless a defendant's contacts with a forum are so substantial, continuous, and systematic that the defendant can be deemed to be 'present' in that forum for all purposes, a forum may exercise only 'specific' jurisdiction – that is, jurisdiction based on the relationship between the defendant's forum contacts and the plaintiff's claim." Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme, 433 F.3d 1199, 1205 (9th Cir. 2006). The Court next evaluates whether Defendant's contacts give rise to specific jurisdiction.

II. Specific Jurisdiction

In a tort action such as this, the Ninth Circuit applies an "effects" test to address the purposeful availment or purposeful direction prong of the specific jurisdiction analysis. See Dole Food, 303 F.3d at 1111. Under the effects test, a defendant must have: (1) committed an intentional act; (2) expressly aimed at forum state; that (3) caused harm that defendant knew was likely to be suffered in the forum state. Yahoo! Inc., 433 F.3d at 1206 (quotations omitted).

---

[4] For example, although there is no set percentage of contact required, in Shute v. Carnival Cruise Lines, the Ninth Circuit declined to exercise general jurisdiction over defendant who derived 1.29% of its business from the residents of forum state. 897 F.2d 377, 381 (9th Cir. 1990), rev'd on other grounds, 499 U.S. 585 (1991).

The last two prongs of this test, whether Defendant's alleged intentional acts were expressly aimed at the forum state and whether Defendant knew that the harm caused was likely to be suffered in the forum state, are the dispositive issues here. The Court finds that Plaintiff has failed to demonstrate either factor.

In order to expressly aim an act at the State of Hawai`i, Defendant must have known that Plaintiff was a resident of Hawai`i and must have actually targeted the forum state. It is not enough that Plaintiff lives in Hawai`i; Defendant must have directed the activity to the forum state. Casualty Assurance Risk Ins. Brokerage Co. v. Dillon, 976 F.2d 596, 601 (9th Cir. 1992); see Bancroft, 223F.3d at 1087; Schwarzenegger, 374 F.3d at 807.

Here, Plaintiff argues that Defendant would have known that Plaintiff was a Hawai`i resident because pilots "always receive[] a list of all crew members and their residence prior to beginning the boarding for a flight." (Opp'n at 20; Pl. Opp'n Decl. ¶ 10.) Defendant, however, states in his declaration that he was unaware that Plaintiff was a resident of Hawai`i. (Def. Mot. Decl. ¶ 8.) Plaintiff merely speculates that Defendant knew Plaintiff was a Hawai`i resident.

11

It is undisputed that the only contact that Defendant had with Plaintiff was during the boarding of the plane, in Guam, en route to Japan.[5] Defendant argues that he had no reason to anticipate that any harm would be done in Hawai`i as opposed to Guam or Japan. Even assuming as true that Defendant committed the acts about which Plaintiff complains, Plaintiff has not established a prima facie case that Defendant "expressly aimed" those acts at the forum state. See <u>Brayton Purcell LLP v. Recordon & Recordon</u>, —F.3d—, 2010 WL 2135302, at *4 (9th Cir. 2010). The alleged acts occurred on a plane in Guam before traveling to Japan, and there is no other evidence that Defendant directed his actions toward the State of Hawai`i in particular.

When both the alleged act and injury occurs outside the forum state, a court may find that there are insufficient minimum contacts for specific jurisdiction. See <u>Yahoo! Inc.</u>, 433 F.3d at 1207; <u>Scott v. Breeland</u>, 792 F.2d 925, 927-28 (9th Cir. 1986). For instance, in <u>Scott</u>, a Tennessee passenger assaulted a flight attendant while the plane was on the ground in Nevada, en route to California. Even though the flight attendant was a resident of California, the Ninth Circuit found that there was no jurisdiction in California because the passenger had

---

[5] At the hearing, Defendant's counsel stated that Defendant had flown to Guam on a separate flight.

insufficient contacts in the forum state. 792 F.2d at 927-28. The fact that the flight had a lay-over in San Francisco was not sufficient to exercise personal jurisdiction over the defendant in California. Id. at 928. In Scott, as here, the alleged torts did not arise out of or result from any contact with the forum state.

This case is also distinguishable from those lines of cases finding that an act in a foreign jurisdiction was sufficient for the exercise of specific jurisdiction in the forum state. In these cases, which frequently involve defamation or trademark infringement among other claims, courts have generally found jurisdiction on the basis that the act was performed with the specific purpose of harming an individual in the forum state. E.g., Brainerd v. Governors of the Univ. of Alberta, 873 F.2d 1257, 1259-60 (9th Cir. 1989) ("[W]here acts are performed for the very purpose of having their consequences felt in the forum state, the forum will have personal jurisdiction over the actor."); Ibrahim v. Dep't of Homeland Sec., 538 F.3d 1250, 1258-59 (9th Cir. 2008). There is no indication that Defendant performed any of the alleged acts "for the very purpose" of having the consequences felt in the State of Hawai`i.

Plaintiff acknowledges that the acts complained of occurred in Guam, however, Plaintiff attempts to establish jurisdiction by arguing that she felt the consequences of those acts in Hawai`i. According to Plaintiff, after the event, she

13

was unable to work for twenty-eight months, suffered from post traumatic stress disorder, loss of sleep, anxiety, nightmares, depression, and disruption of her marriage. (Opp'n at 8.) Because she purportedly felt the effects of the act after returning to Hawai`i, Plaintiff believes that the effects test is met.

Plaintiff conflates the consequences of the injury with the actual injury itself. When evaluating personal jurisdiction, the actual injury should be distinguished from its consequences such as pain and suffering. Under Plaintiff's view, she could have moved to Minnesota, suffered the effects of the alleged incident there, and thus have personal jurisdiction over Defendant in Minnesota. "[T]he existence of an effect in the forum state cannot, without more, subject its cause to in personal jurisdiction in that state." Jones Enterprises, Inc. v. Atlas Service Corp., 442 F.2d 1136, 1139 (9th Cir. 1971); see also Jobe v. ATR Marketing, Inc., 87 F.3d 751, 754 (5th Cir. 1996) (applying Mississippi's long-arm statute and concluding that when "determining where the injury occurred for jurisdictional purposes, actual injury must be distinguished from its resultant consequences"). The Court concludes that Plaintiff has demonstrated nothing more than feeling the effects of the act in the State of Hawai`i upon returning after the incident in Guam. The test for specific jurisdiction cannot be read so broadly as to warrant jurisdiction on this basis.

The Court concludes that Defendant's alleged acts, as pled by Plaintiff, were not aimed at the forum state. Plaintiff therefore cannot demonstrate that Defendant purposefully availed himself or directed his acts toward the State of Hawai`i.

As to the second prong of the specific jurisdiction test, that the claim be one which arises out of or relates to the defendant's forum-related activities, Plaintiff offers no meaningful argument or evidence to bolster her claim. Plaintiff states only:

> Plaintiff's claims arise out of the fact that she was on an airplane with Defendant who sexually harassed Plaintiff thereon. Defendant's relationship with the forum is primarily a result of his employment as a pilot with Northwest/Delta Airlines, Inc. Being that Plaintiff's claims arose out of Defendant's harassment of her during his occupation as a pilot and Defendant's forum-related activities were a result of him being a pilot, Plaintiff's claim arises out of Defendant's forum-related activities.

(Opp'n at 21.) Plaintiff merely states that because she is from Hawai`i, and because Defendant has flown to Hawai`i on prior occasions as part of his work as a pilot, the event that took place in Guam must have arisen from Defendant's contacts with Hawai`i. This argument is tenuous and fails on its face. For this Court to rule otherwise would yield an absurd result. If this Court were to find that Plaintiff's injuries arose "but for" Defendant's contacts with Hawai`i simply by

15

virtue of his status as a pilot, then all pilots across the country could be haled into nearly any court in the country simply because their airline happens to fly through the state. To do so would be to effectively create a special class of highly-mobile defendants in personal jurisdiction cases. The Court is not inclined to do so.

Unable to demonstrate either purposeful direction or causation, Plaintiff cannot demonstrate specific jurisdiction over Defendant in the State of Hawai`i.

At the hearing on this matter, Plaintiff's counsel requested that this Court transfer venue instead of dismissing the case outright should the Court conclude that personal jurisdiction is lacking. Pursuant to 28 U.S.C. § 1406, in the interests of justice and to cure the jurisdictional defects in this district, the Court transfers this action to the Eastern District of Tennessee. See Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466 (1962) (holding that a court may transfer venue "whether the court in which it was filed has personal jurisdiction over the defendants or not"); Nelson v. Int'l Paint Co., 716 F.2d 640, 643 (9th Cir. 1983) (noting that cases may be transferred under 28 U.S.C. § 1406 "to cure a lack of personal jurisdiction in the district where the case was first brought"). Although Plaintiff has indicated to the Court that she prefers transfer to the District Court of Guam, this Court has carefully reviewed the facts and concluded that the balance

of equities favors the Eastern District of Tennessee. The Court emphasizes that neither party is a resident of Guam and that any witnesses to the incident are also not residents of Guam. Defendant resides in the Eastern District of Tennessee, where personal jurisdiction and venue clearly lie.

Accordingly, Defendant's motion to dismiss is DENIED, and the case is TRANSFERRED to the Eastern District of Tennessee.

III.     Plaintiff's Supplemental Declaration

Plaintiff asks leave of the Court to file a supplemental declaration, in which Plaintiff attempts to demonstrate that it is easier for Defendant to fly to Hawai`i than it is for Plaintiff to fly to Tennessee or Guam.

The Court has already ruled that Plaintiff failed to demonstrate such minimum contacts as would warrant an exercise of jurisdiction, and Plaintiff's declaration does not cure this jurisdictional defect. Plaintiff's declaration does not

go to whether Plaintiff has shown purposeful availment or direction or causation, which is the basis of this Court's ruling.

Accordingly, Plaintiffs' motion is DENIED AS MOOT.

CONCLUSION

For the reasons stated above, the Court DENIES Defendant's motion to dismiss for lack of personal jurisdiction and TRANSFERS the case to the Eastern District of Tennessee. All pending matters and motions shall be transferred.

The Court DENIES AS MOOT Plaintiff's motion to for leave to file supplemental declaration.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 16, 2010.

David Alan Ezra
United States District Judge

Wood v. Northwest Airlines, Inc. et al., CV No. 09-00481; ORDER: (1) DENYING DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION; (2) TRANSFERRING CASE TO THE EASTERN DISTRICT OF TENNESSEE; AND (3) DENYING AS MOOT PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL DECLARATION